## N. Y. SUPERIOR COURT.

### WILLIAM M. LOWRY and another agt. WILLIAM H. INMAN.

Except in the single instance of a misjoinder of causes of action, the opportunity of *amendment of the complaint*, in the contingency of a successful demurrer to it, is left absolutely to the discretion of the court, to be exercised in conformity to the rules of the former practice and in furtherance of justice.

It would not be in furtherance of justice, to allow an amendment of the complaint, with no other view than that the plaintiffs might have the privilege of looking about to see if they could not discover some means of reinforcing their case.

A final judgment on a demurrer is a "trial" under section 309 of the Code, and the prevailing party in a proper case, is entitled to an *additional allowance*.

*Special Term, June,* 1869.

THE defendant moves for an additional allowance, and the plaintiffs move for leave to amend their complaint.

ROGER A. PRYOR, *for defendant.*
BARLOW & HYATT, *for plaintiffs.*

McCUNN, J. As the former motion can be entertained only when final judgment is to be entered on the demurrer, its decision is necessarily postponed to the disposition of the motion to amend. A demurrer to the complaint for insufficiency in substance was sustained, and judgment directed for the defendant. The plaintiffs ask leave to amend their complaint.

Section 172 of the Code makes provision for the privilege of pleading over when the demurrer has been defeated; but, except in the single instance of a misjoinder of causes of action, the opportunity of amendment in the contingency of a successful demurrer to the complaint is left absolutely to the discretion of the court, to be exercised in conformity to the rules of the former practice and in furtherance of justice. Now, under the ancient practice the liberty of amend-

Lowry agt. Inman.

ment of a complaint, after it had been adjudged bad on demurrer, was by no means a thing of course, or of common occurence, on the contrary the judgment was ordinarily final —*nil capiat*. And if the plaintiffs were allowed to amend it was an exceptional privilege, conceded to prevent a failure of justice—as when the judgment on demurrer might be pleaded in bar to another action, or another action be precluded by the statute of limitations. In the case under consideration neither of these difficulties will occur, and the plaintiffs may bring another action without being estopped by the judgment on demurrer or shut out by a plea of the statute of limitations.

On what equity, then, do the plaintiffs found their prayer for leave to amend? They have already amended once. The original complaint, being demurred to, they served an amended complaint, and it was this amended complaint that was adjudged insufficient. It is hardly probable that they brought their action in the first instance without a careful survey of the ground on which they were to stand; and having already availed themselves of the opportunity to retrieve their mistakes, they are not in a position to plead improvidence or inadvertence. But the plaintiffs present to the court no ground of amendment. They do not even admit that their complaint was defective; they point out no infirmity: and if infirmity exist, they fail to show that it may be repaired. Very frankly they ask the privilege of amendment, with no other view than that they may look about and see if they cannot discover some means of reinforcing their case. I doubt if a request to amend were ever made under such circumstances. I am sure it was never granted under similar circumstances. In the nature of the case an amendment of the complaint is impossible.

The decision of the demurrer turned exclusively on the construction of the statute set out in the complaint. The decision of the court was that under no circumstances would that statute support an action against the defendant.

Obviously, then, since this statute is the only ground of action alleged against the defendant, and since the decision is that the statute is insufficient to support an action, the plaintiffs, by no possible amendment, can exhibit a cause of action. To allow an amendment would be of no benefit to the plaintiffs, but would only involve a delay of justice and an accumulation of expense.

The plaintiffs are not without relief. They may either appeal from the judgment, and so reverse the error of the court below—if there be error in my construction of the statute—or they may commence a new action on such a state of facts as they choose to exhibit.

The motion for leave to amend is denied, but without costs.

The motion for an additional allowance is granted. The ase was "difficult and extraordinary" in a very emphatic sense; and a final judgment on a demurrer is a "trial" under section 309 of the Code. The additional allowance is five per cent on the amount claimed.